1  Kristina N. Holmstrom
   State Bar No. 10086
2  Nicole True
   State Bar No. 12879
3  LEWIS ROCA ROTHGERBER CHRISTIE LLP
   3993 Howard Hughes Pkwy, Suite 600
4  Las Vegas, NV 89169-5996
   Tel: 702.949.8200
5  Fax: 702.949.8398
   E-mail:KHolmstrom@LRRC.com
6          NTrue@LRRC.com

7  *Attorneys for Defendant Farmers*
   *New World Life Insurance Company*

8

9              UNITED STATES DISTRICT COURT

10                  DISTRICT OF NEVADA

11

12  Shanna M. Vitale, an individual, Danielle          CASE NO. 2:16-CV-105-RCJ-(NJK)
    Ricketts fka Anderson, an individual, and John
13  Cotton Ricketts, an individual,                    **STIPULATED PROTECTIVE ORDER**

14                         Plaintiffs,

15          vs.

16  Farmers New World Life Insurance Company,          As amended on pages 1, 2, 5.
    and DOES I through X and ROES I through X,
17  inclusive,

18                         Defendants.

19

20          To expedite the flow of discovery material, facilitate the prompt resolution of disputes

21  over confidentiality, adequately protect material claimed by Defendants to be confidential and/or

22  proprietary, and ensure that protection is afforded only to material so designated, pursuant to the

23  Court's authority under Federal Rule of Civil Procedure 26(c) and *Kamakana v. City & County of*

24  *Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) ("A 'good cause' showing will suffice to seal

25  documents produced in discovery."), the parties hereby stipulate**:**

26          1.      CONFIDENTIAL Documents.  Any party may designate a document that the party

27  produces or discloses as confidential by stamping it with the legend "CONFIDENTIAL," provided

28  that the document meets applicable legal standards for being marked confidential ~~and/or being~~

3993 Howard Hughes Pkwy, Suite 600
Las Vegas, NV 89169-5996

Lewis Roca
ROTHGERBER CHRISTIE

~~filed under seal.  *See, e.g., Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) ("A 'good cause' showing will suffice to seal documents produced in discovery."); *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 677-78 (9th Cir. 2010) (requiring "compelling reasons" to seal documents in judicial filings and "good cause" to designate them as confidential for discovery purposes and for use in non-dispositive motions).  This order shall govern all documents designated "CONFIDENTIAL."~~

2. <u>Scope of CONFIDENTIAL Designation</u>.  The special treatment accorded "CONFIDENTIAL" document(s) shall reach:

a. All documents currently or hereafter designated "CONFIDENTIAL" as set forth in paragraph 1, above;

b. All copies, extracts, and complete or partial summaries prepared from such documents;

c. Any portion of a deposition transcript or exhibit, or portion thereof, that refers to or discusses such documents, copies, extracts or summaries; and

d. Any portion of any discovery answer or response, affidavit, declaration, brief, or other paper filed with the Court, or as an exhibit to such paper, that discusses or refers to such documents, copies, extracts or summaries.

3. <u>Restrictions on Disclosure of CONFIDENTIAL Documents</u>.  Except with prior written consent of all parties and nonparties asserting confidential treatment, and except as provided elsewhere in this Order, documents designated "CONFIDENTIAL" and all information contained in them or derived from them, may not be disclosed, divulged, revealed, described, paraphrased, quoted, transmitted, disseminated or otherwise communicated to any person other than:

a. The parties and counsel of record for the parties;

b. Secretaries, paralegal assistants, and other employees of such counsel who are assisting in the prosecution and/or defense of this lawsuit;

c. Actual or potential deposition or trial witnesses in this action, to the extent reasonably necessary to prepare the witnesses to testify concerning this lawsuit.  In no event, however, shall disclosure be made under this subparagraph to any witness

2

Lewis Roca
ROTHGERBER CHRISTIE

3993 Howard Hughes Pkwy, Suite 600
Las Vegas, NV 89169-5996

who is or has been employed by or associated with any competitor or customer of defendants unless the CONFIDENTIAL documents in question were originally written by, seen by or copied to such witness;

    d.    Outside consultants and experts solely retained for the purpose of assisting counsel and the parties in the prosecution and/or defense of this suit; and

    e.    The Court and its employees, the triers of fact, court reporters transcribing testimony and notarizing officers.

"Disclosure" is intended to be interpreted broadly, and means copying (including handwritten copies), exhibiting, showing, communicating, describing, allowing access to, or otherwise releasing to any person the documents subject to this order or any of these documents' content.

4.    <u>Review of Own CONFIDENTIAL Documents</u>.  The restrictions of this Order shall not apply to parties or nonparties, and their employees, attorneys, experts or their authorized agents, with respect to their own CONFIDENTIAL documents.

5.    <u>Location of "CONFIDENTIAL" Documents</u>.  Documents designated "CONFIDENTIAL" may be reviewed only in counsel's office by the persons identified in paragraph 3, with the following exceptions:  (a) the uses provided for in paragraphs 8, 10, and 11, below; (b) counsel may circulate "CONFIDENTIAL" documents internally and to their clients solely for the preparation and trial of this suit; and (c) outside consultants or experts may possess one copy of any "CONFIDENTIAL" documents for use at their own offices, so long as the consultant or expert certifies compliance with this order and agrees to return the "CONFIDENTIAL" documents to the producing party in accordance with paragraphs 6 and 14, below.  For purposes of this order, "counsel's office" means for Plaintiffs: Hanratty Law Group, 1815 Village Center Circle, Suite 140, Las Vegas, Nevada 89134; and for Farmers New World Life Insurance Company:  Lewis Roca Rothgerber Christie LLP, 3993 Howard Hughes Parkway, Suite 600, Las Vegas, Nevada 89169.

6.    <u>Certification of Compliance</u>.  Prior to disclosing any CONFIDENTIAL information, materials, or documents to any individual identified in paragraphs 3(c) or 3(d) above, a party shall provide said individual with a copy of this Order and a copy of the Declaration Re: Protective

LEWIS ROCA
ROTHGERBER CHRISTIE

3993 Howard Hughes Pkwy, Suite 600
Las Vegas, NV 89169-5996

Order attached hereto as Exhibit A.  Said individuals shall sign the Declaration Re: Protective Order prior to being granted access to CONFIDENTIAL information, materials or documents. Counsel shall maintain a copy of the signed Declaration Re: Protective Order and shall provide opposing counsel with a copy of the Declaration within ten days of demand therefore, unless the signator is a consulting expert who has not been named as a witness.

7.  <u>Responsibility of Attorneys</u>.  The attorneys of record are responsible for employing reasonable measures, consistent with this Order, to control duplication of, access to, preservation of, and distribution of copies of "CONFIDENTIAL" documents.  It shall be the obligation of counsel, upon hearing of any breach or threatened breach of this Order by any person, promptly to notify counsel for the opposing and producing parties of such breach or threatened breach.

8.  <u>Use of CONFIDENTIAL Documents at Depositions</u>.  A deponent may, during the deposition, be shown and examined about "CONFIDENTIAL" documents if the deponent is or was an employee of the party producing such document, or if the provisions of paragraph 6 are met. Any "CONFIDENTIAL" documents marked as deposition exhibits shall be sealed separately from the remainder of the deposition transcript and exhibits.  When a party uses or refers to "CONFIDENTIAL" documents or information at a deposition, the portion of the deposition transcript that relates to such documents or information shall be stamped "CONFIDENTIAL" and sealed separately from the remainder of the transcript, and shall be treated as "CONFIDENTIAL" under the provisions of this Order.

9.  <u>Designating Portions of Deposition Transcripts CONFIDENTIAL</u>.  Any party or nonparty may, within 15 days after receiving a deposition transcript, designate portions of the transcript, or exhibits to it, as "CONFIDENTIAL."  At the deposition, the parties will attempt in good faith to preliminarily identify and designate CONFIDENTIAL testimony and exhibits without prejudice to their right to so designate other testimony or exhibits or withdraw such designation after receipt of the transcript.  CONFIDENTIAL deposition testimony or exhibits may be so designated by stamping the exhibits "CONFIDENTIAL" or by underlining the portions of the pages that are CONFIDENTIAL and stamping such pages "CONFIDENTIAL."  Until expiration of the 15-day period, the entire deposition transcript, and all exhibits to it, will be treated as CONFIDENTIAL

Lewis Roca
ROTHGERBER CHRISTIE

3993 Howard Hughes Pkwy, Suite 600
Las Vegas, NV 89169-5996

1  under the provisions of this Order.  If no party or nonparty timely designates testimony or exhibits

2  from a deposition as being CONFIDENTIAL, none of the deposition testimony or exhibits will be

3  treated as CONFIDENTIAL.  If a timely CONFIDENTIAL designation is made, the CONFIDENTIAL

4  portions and exhibits shall be sealed separately from the portions and exhibits not so marked, and

5  shall be treated as CONFIDENTIAL under the provisions of this Order.  If any other party objects to

6  the portions of the depositions which have been designated as "CONFIDENTIAL", the objecting

7  party shall notify the court of his objection and the Court will determine whether the designated

8  portion of the depositions should be treated as CONFIDENTIAL under the provisions of this order.  If

9  the Court determines that the designated portions are not CONFIDENTIAL, the CONFIDENTIAL

10  designation shall be removed from the deposition transcript.

11  ~~10.  Use of CONFIDENTIAL Documents in Papers Filed with the Court.  If the party~~

12  ~~designating documents "CONFIDENTIAL" establishes a compelling reason to seal the documents~~

13  ~~from the public record, documents designated "CONFIDENTIAL," and all information contained~~

14  ~~therein or derived therefrom, may be used or offered in evidence at the trial of this case, or at any~~

15  ~~Court hearing in this litigation, provided that:~~   See order issued concurrently herewith.

16  ~~a.  Sufficient advance notice is given to permit the designating party or nonparty to~~

17  ~~seek additional protections or relief from the Court if desired; and~~

18  ~~b.  The "CONFIDENTIAL" documents and information, and any portion of any transcript~~

19  ~~or court paper where they are discussed or referred to, are stamped~~

20  ~~"CONFIDENTIAL" and separately filed under seal with the Clerk of Court.~~

21  11.  Use of CONFIDENTIAL Documents in Court.  Documents determined to be

22  CONFIDENTIAL under this Order, and all information contained in them or derived from them, may

23  be used or offered into evidence at the trial of this suit provided that sufficient advance notice is

24  given to permit the designating party or nonparty to seek additional protections or relief from the

25  Court if desired.

26  12.  Litigation Use Only.  All documents produced in this suit that are CONFIDENTIAL

27  under this Order and all information contained in them or derived from them, shall be used solely

28  for the preparation and trial of this suit (including any appeals and retrials), and shall not be used

3993 Howard Hughes Pkwy, Suite 600
Las Vegas, NV 89169-5996

Lewis Roca
ROTHGERBER CHRISTIE

3993 Howard Hughes Pkwy, Suite 600
Las Vegas, NV 89169-5996

Lewis Roca
ROTHGERBER CHRISTIE

1   for any other purpose, including business, governmental or commercial, or in any other

2   administrative, arbitration or judicial proceedings or actions.

3         13.    Declassification.  Any party may apply to the Court for a ruling that a document (or

4   category of documents) stamped "CONFIDENTIAL" is not entitled to such status and protection.

5   The party that designated the document as "CONFIDENTIAL" shall be given notice of the

6   application and an opportunity to respond.  To maintain CONFIDENTIAL status, the proponent of

7   confidentiality must show by a preponderance of the evidence that there is good cause for the

8   document to have such protection.

9         14.    Non-Termination and Return of Documents.  The provisions of this Order shall

10  continue to apply to stamped "CONFIDENTIAL" documents and information after this suit has been

11  terminated.  Within 120 days after final conclusion of all aspects of this litigation, all

12  CONFIDENTIAL documents and all copies of same (other than exhibits of record) shall be returned

13  to the person that produced such documents or, at the option of the producer, destroyed.

14  Additionally, any person in possession of CONFIDENTIAL documents that contain his or her own

15  work product notations may destroy those documents rather than returning them to the party that

16  produced them.  All counsel of record shall make certification of compliance herewith and shall

17  deliver the CONFIDENTIAL documents to counsel for the party who produced the documents not

18  more than 120 days after final termination of this litigation.

19        15.    Subpoena by Other Courts or Agencies.  If another court or an administrative

20  agency subpoenas or orders production of CONFIDENTIAL documents that a party has obtained

21  under the terms of this Order, such party shall promptly notify the party who designated the

22  document as CONFIDENTIAL of the service of such subpoena or order, and provide that party with

23  sufficient time in which to object.

24        16.    No Admissions.  Nothing contained in this Order, nor any action taken in

25  compliance with it, shall:

26        a.    Operate as an admission by any party that a particular document or information is,

27               or is not, confidential;

28

1  Operate as an admission by any party that a particular document is, or is not, subject to discovery

2  or admissible into evidence at the trial of this suit.

3           DATED this  11th  day of July, 2016.

4  HANRATTY LAW GROUP                          LEWIS ROCA ROTHGERBER CHRISTIE LLP

5  BY:  _/s/ Kevin M. Hanratty_____     BY:  _/s/ Kristina N. Holmstrom_____
          Kevin M. Hanratty                                Kristina N. Holmstrom
6         Nevada Bar No. 7734                              Nevada Bar No. 10086
          1815 Village Center Circle, Suite 140            Nicole True
7         Las Vegas, Nevada 89134                          Nevada Bar No. 12879
          (702) 821-1379                                   3993 Howard Hughes Parkway, Suite 600
8                                                          Las Vegas, Nevada  8916
                                                           (702) 949-8200
9         *Attorney for Plaintiffs*

10                                                         *Attorneys for Defendant*

11

12                              **IT IS SO ORDERED.**

13

14      _____
                UNITED STATES MAGISTRATE JUDGE
15
        Dated:_ July 12, 2016          _____
16

17

18

19

20

21

22

23

24

25

26

27

28

3993 Howard Hughes Pkwy, Suite 600
Las Vegas, NV 89169-5996

Lewis Roca
ROTHGERBER CHRISTIE

**EXHIBIT A**

**<u>DECLARATION RE: PROTECTIVE ORDER</u>**

I hereby certify that I have read, reviewed and understand the Stipulated Protective Order entered in *Vitale v. Farmers New World Life Insurance Company*, and I agree to abide fully and be bound by its terms with respect to any documents, materials or information designated or marked Confidential under the Stipulated Protective Order that is furnished to me in any manner.

I agree not to disclose to anyone any documents, materials or information designated or marked CONFIDENTIAL other than as set forth in the Stipulated Protective Order.

I agree not to make any copies of any documents, materials or information designated or marked CONFIDENTIAL except in accordance with the Stipulated Protective Order and to return all CONFIDENTIAL documents to the party or attorney who provided them and to return or destroy all copies.

I agree not to make use of any CONFIDENTIAL document under the Stipulated Protective Order provided in this litigation for any purpose outside of this litigation.

I hereby consent to be subject to the personal jurisdiction and venue of the above-captioned Court with respect to any proceeding related to the Stipulated Protective Order.

DATED this _____ day of _____, 20___.


_____
Signature


_____
Printed Name

3993 Howard Hughes Pkwy, Suite 600
Las Vegas, NV 89169-5996

Lewis Roca
ROTHGERBER CHRISTIE

7701975_1

8